# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JE BRYANT HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1294 RLW |
| | ) | |
| SQUARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon motion to proceed in forma pauperis filed by self-represented plaintiff Je Bryant Hudson. After a review of the financial information provided, the Court will grant plaintiff's motion to proceed in forma pauperis. Furthermore, for the reasons discussed below, the Court will dismiss plaintiff's race discrimination claim for failure to exhaust his administrative remedies with respect to that claim. The Court will issue process on the remaining claims in plaintiff's complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded).

### The Complaint and Charge of Discrimination

Plaintiff, Je Bryant Hudson, is a self-represented litigant who brings this employment discrimination complaint against his former employer, Square, Inc., doing business in St. Louis, Missouri. The complaint is on a Court-provided form, as required. In his complaint, plaintiff checked the box indicating he is bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.* for termination of his employment. Plaintiff asserts that he was discriminated against because of his race and religion. Plaintiff seeks damages in an amount totaling three million dollars.

In the body of his complaint, plaintiff alleges he was employed by defendant from October of 2018 until his termination on September 11, 2019. He asserts that he was employed as a Customer Support Advocate, and his supervisor was Brianna Little.

Plaintiff states that he identified as a black Muslim, and he was a member of the Nation of Islam. He claims that at some point in early September 2019, he made a post on his social media relative to his religion and shortly thereafter he was fired from his job as a Customer Support Advocate.

Plaintiff states that on September 10, 2019, he was told by a member of the Human Resource staff, April Powell, that he had violated company policy. She purportedly told plaintiff that he had done so on several occasions during the prior two months. Plaintiff states that Ms. Powell failed to identify the company policy he violated when he pressed for more information.

Plaintiff asserts that within the prior two months he had been having weekly one-on-one meetings with his supervisor, Brianna Little, and she had never told him that he was violating a company policy. Thus, plaintiff believes he was terminated for being part of the Nation of Islam and for being a black Muslim.

Plaintiff filed a charge of discrimination with the EEOC on March 30, 2020. (Docket No. 6-1 at 1). Plaintiff checked the box indicating he was discriminated against based on religion. Plaintiff did *not* check the box for "race." In the section designated for "particulars," plaintiff wrote: "In or around September 2019, I made a religious post on my Social Media page, and shortly thereafter I was terminated. . .I believe I have been discriminated against because of my religion in that I was discharged in violation of my civil rights, under Title VII of the Civil Rights Act, as

3

amended." The EEOC sent him a right-to-sue letter on September 8, 2020 and plaintiff timely filed this instant lawsuit.

## Discussion

Plaintiff brings his claim of employment discrimination under Title VII, alleging race and religious discrimination.

Plaintiff's EEOC charge of discrimination made no indication that he had been discriminated against based on his race. Rather, the charge is entirely predicated on discrimination based on plaintiff's religion. In the section designated for plaintiff to allege the basis of his discrimination, plaintiff checked the box for "religion" and left the box for "race" blank. In the narrative portion of the charge where he describes the particulars of the alleged discrimination, plaintiff limits his allegations to religious discrimination claim.

As a precondition to filing suit in federal court, Title VII requires a plaintiff to exhaust all administrative remedies. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may

be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claims of discrimination because of his race are not like or reasonably related to his claims of religious discrimination plaintiff made in his charge of discrimination. Because a claim of race discrimination was not considered during the EEOC investigation, nor would one expect a claim of race discrimination to be investigated based upon plaintiff's failure to mention or detail allegations of such discrimination, plaintiff's race discrimination claims are dismissed for failure to exhaust administrative remedies.

Additionally, at this time, the Court will decline to appoint counsel in this matter. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Thus, plaintiff's motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's race discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, are **DISMISSED**, without prejudice, against defendant Square, Inc. pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of September, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE