UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JE BRYANT HUDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:20-CV-1294 RLW |
| SQUARE, INC., | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Square, Inc.'s Motion to Dismiss (ECF No. 10) for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Self-represented Plaintiff Je Bryant Hudson has not filed a response in opposition. The Court will grant Defendant's Motion to Dismiss because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**BACKGROUND**

On September 21, 2020, Plaintiff filed his Complaint alleging that his previous employer, Defendant Square, Inc., discriminated against him based on his race and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. On September 28, 2020, this Court dismissed Plaintiff's claim for race discrimination without prejudice for failure to exhaust administrative remedies. (ECF Nos. 4, 5). Defendant then filed a Motion to Dismiss on February 3, 2021 (ECF No. 10) arguing that Plaintiff's remaining claim for religious discrimination fails to state a claim upon which relief can be granted. Under Local Rule 4.01(B), Plaintiff's response was due on February 17, 2021. Plaintiff did not file a response. As a result, on March 31, 2021, the Court issued a Memorandum and Order that stated, in relevant part:

> [I]f Plaintiff does not file either an amended complaint or a response to the Defendant's Motion to Dismiss by April 21, 2021, the Court will either dismiss this action for Plaintiff's failure to comply with its orders, or proceed to decide the Defendant's Motion to Dismiss without any response by Plaintiff.

(ECF No. 13, p. 3). Despite the Court's directive, Plaintiff has not filed an amended complaint or a response to Defendant's Motion to Dismiss. The Court will take up Defendant's Motion to Dismiss without response by Plaintiff.

## LEGAL STANDARD

The Court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Id*. at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

"Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*.

"An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002). The elements of a prima facie case are, however, relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."). The Eighth Circuit has stated that to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).

## DISCUSSION

Title VII makes it unlawful for an employer to discriminate against an employee because of his religion. 42 U.S.C. § 2000e-2(a)(1). Where a plaintiff cannot show direct evidence of religious discrimination, the Court will apply the *McDonnell Douglas* burden-shifting framework to determine if the plaintiff can establish an inference of discrimination. *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 887 (8th Cir. 2015). The *McDonnell Douglas* framework requires a plaintiff to make a prima facie case of discrimination. *Id*. If a plaintiff satisfies this burden, the defendant must then show a legitimate, non-discriminatory reason for the challenged action. *Id*. If the defendant can do so, the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely pretextual. *Id*.

To establish a prima facie case of religious discrimination under Title VII, Plaintiff must show: (1) he is a member of a protected class because of his religious beliefs, (2) he met Defendant's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Id*. "Circumstances giving rise to an inference of discrimination include treating similarly situated employees who are not members of the protected class in a different manner." *Id.*

Plaintiff alleges in his Complaint that Defendant discriminated against him based on his religion:

> In or around September 2019, I made a public religious post on my social media page (facebook) [sic] and shortly thereafter, I was terminated. The activities on my facebook [sic] page include black community upliftment and inner city security. The organization that I was apart of was the *Nation of Islam* and I identify as a *Black Muslim*. Our values are based on *freedom, justice, and equality*.

(ECF No. 1, p. 6) (emphasis original). While the 12(b)(6) standard does not require Plaintiff to establish a prima facie case in his Complaint, he must nevertheless plead sufficient facts to state a claim as a matter of law. *Gregory,* 565 F.3d at 473.

Plaintiff has not alleged any facts that give rise to an inference of discrimination. Plaintiff merely states that he published a religious post on Facebook and that Defendant terminated him shortly thereafter. The Eighth Circuit has "been hesitant to find pretext or discrimination on temporal proximity alone . . . and look[s] for proximity in conjunction with other evidence." *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1114 (8th Cir. 2001) (citation omitted). Plaintiff does not claim that Defendant treated non-Muslim employees differently or that Defendant was aware of his religious beliefs in the first place. Plaintiff does not allege that Defendant knew of his social media activity or that Plaintiff otherwise met Defendant's legitimate expectations. Without more, these factual allegations do not plausibly give rise to an inference of

unlawful discrimination. Plaintiff instead relies on legal conclusions, which this Court need not accept as true. *Iqbal*, 556 U.S. at 678. Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face.

## CONCLUSION

For these reasons, even when construed liberally, Plaintiff's Complaint fails to make sufficient factual allegations to support a plausible claim of religious discrimination under Title VII. Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed with prejudice in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Square, Inc.'s Motion to Dismiss Plaintiff Je Bryant Hudson's Complaint (ECF No. 10) is **GRANTED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**

Dated this 4th day of August, 2021.